DA 07-0417, DA 07-0419

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 138N

STATE OF MONTANA,

      Plaintiff and Appellant,

  v.

JOHN STANLEY JONES,

      Defendant and Appellee.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause Nos. BDC-87-241, BDC-88-154
Honorable Julie Macek, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Colleen E. Ambrose, Special Assistant Attorney General,
Helena, Montana

      For Appellee:

            Lisa S. Korchinski, Assistant Appellate Defender; Helena,
Montana

                Submitted on Briefs:  April 9, 2008

                          Decided:  April 22, 2008

Filed:

_____
                    Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     The State of Montana, Department of Corrections (DOC), appeals from orders entered by the Eighth Judicial District Court, Cascade County, in that court's cause numbers BDC-87-241 and BDC-88-154, granting the motions of John Stanley Jones (Jones) for Clarification of Discharged Sentence and Restitution Requirements. We reverse.

¶3     Jones was convicted of criminal offenses in 1988 and received a three-year deferred imposition of sentence on conditions, including payment of restitution in the amount of $2,000 within two years. A petition for revocation of the sentence was filed in 1991, but the sentencing court merely extended the deferred sentence for an additional two years and ordered restitution in full within that time.

¶4     Later in 1988, Jones was convicted of additional criminal offenses and sentenced to prison for two concurrent ten-year terms, with five years suspended on conditions. He also was sentenced to pay restitution in the amount of $330. In 1994, the suspended portions of the latter sentences were revoked and Jones was committed to DOC for five years.

¶5     Jones discharged his sentences in 1999. Upon discharge, DOC provided Jones with a

Notice of Discharge which stated—among other things—that he had "fulfilled all the requirements imposed upon him by the laws of the State of Montana." Jones later was incarcerated at the prison again on an unrelated matter.

¶6    Jones subsequently moved the District Court for clarification of discharged sentence and restitution requirements in both underlying cases, seeking determinations that he either had paid the restitution or completely discharged his sentences, including the restitution obligations. The District Court, improperly applying an unpublished opinion by this Court, granted Jones's motion in both cases. It concluded no restitution remained unpaid and ordered DOC to cease garnishing Jones's prison wages for restitution and to return any monies collected to satisfy the restitution obligation after Jones discharged the underlying sentences. DOC appeals.

¶7    We recently addressed the issues before us here in *State v. Brown*, 2008 MT 115, 342 Mont. 476, ___ P.3d ___. There, on substantially similar facts, we concluded that restitution obligations remain ongoing until fully paid pursuant to § 46-18-241(1), MCA, and are not "discharged" or otherwise "fulfilled" via any Notice of Discharge issued by DOC. We also concluded DOC was authorized to collect a percentage of the inmate's prison wages for purposes of paying down the restitution obligations in his earlier "discharged" sentences.

¶8    We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record that this appeal must be reversed because the issue is clearly controlled by settled Montana law.

3

¶9     Reversed.

                                        /S/ KARLA M. GRAY

We concur:

/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ BRIAN MORRIS
/S/ JIM RICE